PRICE v. ROTH.

(Supreme Court, Appellate Term.   June 29, 1911.)

PRINCIPAL AND AGENT (§ 89*)—COMPENSATION—EVIDENCE.

Where plaintiff was to receive commission on the net proceeds, that is, after deducting discounts, and value of return goods on all sales made by him, evidence of the amount of gross sales, without proof of the value of the return goods, discount, or net amount of sales, is insufficient to support a judgment for commission on the amount of the gross sales, less the sum which plaintiff had been paid.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 229–239;  Dec. Dig. § 89.*]

Appeal from City Court of New York, Trial Term.

Action by Bernard D. Price against Richard Roth.   From a judgment entered on the verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Joseph Kleiner, for appellant.

Henry S. Mansfield, for respondent.

GUY, J.   Action to recover balance of commissions alleged to have been earned by plaintiff, while he was in the employ of defendant. Plaintiff's evidence shows he was to receive 10 per cent. of the net proceeds—that is, after deducting discounts, and value of return goods upon all sales made by him to retailers and department stores —up to September 1, 1909, and 7½ per cent. thereafter, and 5 per cent. on the net proceeds from sales made to jobbers.   His evidence also shows that as to certain orders, illustrated by plaintiff's Exhibit I, of which there were some dozens, he agreed to take a less commission.

Plaintiff put in evidence the books of the defendant, showing the gross sales, computed the commissions thereon, and, after deducting sums which he admitted had been paid him, found the balance due to him from defendant of $453.71, for which with costs he has been given a judgment.   There was no proof offered by the plaintiff of the value of the return goods, discounts, or net amount of sales, and plaintiff admitted that he had not allowed for any of these matters in his computations.   The evidence is insufficient to support the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.